# GREEN v. ELBERT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 1099. Submitted December 15, 1890. — Decided January 5, 1891.

The transcript of the record of the court below may be filed at any day during the term succeeding the taking the appeal or bringing the writ of error, if the appellee or defendant in error has not in the meantime had the cause docketed and dismissed; but this cannot be done after the expiration of that term, except on application to the court, where a remedy may be found if the applicant was prevented from obtaining the transcript by fraud or contumacy, and is not guilty of laches.

When a return is made and the transcript deposited seasonably in the clerk's office, jurisdiction is not lost by not docketing the case before the lapse of the term; but it may still be docketed if in the judgment of the court it is a case to justify it in exercising its discretion to that effect.

The judgment in the court below in this case was entered July 27, 1887. The writ of error was dated October 3, 1887. It was filed that day in the court below, and was returnable here to October term, 1887, which closed May 14, 1888. The transcript reached the clerk May 10, 1888, but the fee required by the rules was not paid to the clerk. On January 13, 1890, the fee being paid, the transcript was filed and the cause was docketed, and the appearance of the plaintiff in error, who was a member of the bar of this court, was entered. On the 17th of November, 1890, the

Statement of the Case.

defendant in error moved to dismiss the writ of error on the ground of failure to file the transcript or docket the cause within the prescribed period, and notified the plaintiff in error that it would be submitted December 15. *Held,*

(1) That the defendant in error was not bound to have the case docketed and dismissed if he did not choose to do so;

(2) That the motion to dismiss for this cause could be made at any time before hearing, or the court could avail itself of the objection *sua sponte;*

(3) That, as the plaintiff in error was a member of this bar, and notified the clerk in transmitting the transcript that the case was one of his own, the appearance was properly entered;

(4) That the plaintiff in error, being such a member, was bound to know the rules of this court with regard to giving security or making a deposit with the clerk as a condition precedent to the filing of the record and docketing of the case;

(5) That the laches of the plaintiff in error were too gross to be passed over, and that the writ of error must be dismissed.

It is the duty of this court to keep its records clean and free from scandal; and in accordance therewith the court orders the brief of the plaintiff in error to be stricken from the files.

On the 20th day of January, 1887, Thomas A. Green brought his action at law in the Circuit Court of the United States for the District of Colorado against Samuel H. Elbert, William E. Beck, Joseph C. Helm, Merrick A. Rogers, Lucius P. Marsh and J. Jay Joslin, claiming damages in the sum of $50,000. April 18th, 1887, he filed his amended complaint in said cause, alleging a conspiracy on the part of defendants Rogers, Marsh and Joslin to bring about a disbarment of plaintiff for filing a bill in equity, in the discharge of his duties as solicitor of one Mrs. Newton and her husband, against Joslin, making certain charges against defendants Rogers and Marsh; and that the defendants Elbert, Beck and Helm, who were at the time judges of the Supreme Court of Colorado, confederated and conspired with defendants Rogers, Marsh and Joslin, to carry out and consummate the original conspiracy, and entered judgment disbarring the plaintiff accordingly.

The complaint purported to be brought and was claimed to be sustainable under sections 1979, 1980 and 1981 of the Revised Statutes, in connection with section 5407, (Rev. Stat. 2d ed., pp. 347, 348, 1047).

Demurrers were filed on behalf of defendants Elbert, Beck and Helm, and, also, of defendants Rogers, Marsh and Joslin, which, upon argument, were sustained by the court, and judgment entered for the defendants, July 27, 1887.

On the third of October, 1887, plaintiff filed his bond, which was duly approved, and a writ of error was allowed and issued, and on the same day he filed a stipulation that the record might be filed in this court, and the cause be docketed at any time during the October term, 1887, of the court. Citation, returnable to October term, 1887, was taken out and served. On the 20th of April, 1888, the plaintiff filed in the Circuit Court in said cause his *præcipe* for transcript of record, which was accordingly made out, as directed, and certified by the clerk of that court May 5, 1888. On that day plaintiff wrote to the clerk of this court, as follows : "I herewith send you a record in a case of my own. Will send you a docket fee and a stipulation to submit under Rule 20 in a few days. Please send me two blanks for entering the appearance of attorneys for both parties." This letter and the transcript reached the clerk May 10, 1888, and he replied : "Yours of the 5th inst., also transcript of record in case of Green v. Elbert et al., duly received. I enclose two blank orders for appearance as requested. I notice what you say as to furnishing deposit on account of costs and sending stipulation to submit case under the 20th Rule." Nothing further appears to have been done in the premises until, on January 7, 1890, plaintiff in error wrote the clerk as follows: " I find on looking over my books at New Year's that I had forgotten to send you a docket fee in the case of Thomas A. Green v. Samuel Elbert, William E. Beck, Joseph C. Helm, Merrick A. Rogers, Lucius P. Marsh and J. Jay Joslin. This record was sent up from the U. S. Circuit Court for the District of Colorado, a year or more ago, on writ of error. If you have not docketed the case please do so at once, and inform me by return mail. I herewith send you draft on New York for $25." Upon the receipt of this letter, January 13, 1890, the transcript of record was filed, and the clerk wrote on the 15th: " Yours of the 7th inst., enclosing draft on N. Y. for $25, on account of deposit in case of Green

*v.* Elbert et al., duly received, and I have docketed the case No. 1541 for Oct. term, 1889, entering your appearance of counsel for pl'ff in error." To this plaintiff in error replied January 20: "Yours of the 15th inst. at hand. I have signed and herewith return my appearance in the case of Thomas A. Green *v.* Samuel E. Elbert et al., No. 1541."

November 17, 1890, defendants in error filed a motion to dismiss, with which was united a motion to affirm, and a brief in support thereof, and gave notice to plaintiff in error that such motion would be submitted on the 15th day of December. On the 13th of December a lengthy affidavit of plaintiff in error was filed in the cause, stating that plaintiff "is now and has been for many years past a member of the bar of the United States Circuit Court for the District of Colorado, and also a member of the bar of the Supreme Court of the United States;" that he had been attending to this suit in the Circuit Court and in the Supreme Court in person; that on or about the 5th day of May, 1887, [1888] he caused the transcript of the record, the writ of error, citation and bond, duly certified, to be forwarded to the clerk of the Supreme Court in accordance with a stipulation that the record and writs might be returned at any time during the October term, 1887, of the Supreme Court; and, "as he now remembers and believes, that he requested the clerk of the Supreme Court, at the city of Washington, to file said record as soon as the same should reach him; and affiant further states that he has not now any remembrance or recollection of having neglected anything at all on his part which was necessary for him to do in order to have said record filed in the clerk's office of the Supreme Court of the United States as soon as the same reached the said clerk in the city of Washington;" that he resides more than two thousand miles from the capital, and never has been and is not now familiar with the rules and customs of the clerk and with the manner in which business is transacted by him in his office, and that if he did not comply with all the requirements of the clerk with regard to the filing of the record, it was because he did not understand the same; and that he never has at any time knowingly and intentionally neglected anything

whatever pertaining to the sending and filing of the record or the prosecution of the suit, but always intended to use all due diligence in having the record sent and filed and in vigorously prosecuting his suit; that he has had no time or opportunity, living at the distance he does and being compelled to prepare a brief and argument on the motion to dismiss, to investigate the reason why said record was not duly filed as soon as sent to the clerk; that whatever may have been the reason, affiant has not intentionally in any manner neglected what he supposed and believed was necessary for him to do in order to have the record filed, and has no knowledge or information why it was not filed "from early in May, 1887, [1888] until the 13th day of January, 1890," and that if the clerk had any good reason for not filing the record, or if affiant neglected anything that was necessary for him to do to secure it, this was the result of mistake and ignorance and not of intentional neglect or delay, and he does not believe himself to be in any manner to blame; that defendants in error made no effort to have the case dismissed until nearly one year after the record had been filed, and did not, during the time the record remained unfiled in the office, "if there ever was any such time;" that for at least one year past affiant had been watching said case with great care and diligence, and had just forwarded a complete assignment of errors, and had said case prepared so far as he could prepare the same, at the time he received notice of the motion to dismiss, and was awaiting the usual time when the record in said case should be printed and he could file his brief and argument and be ready to submit the case as soon as reached on the docket; that he had several times attempted to get the attorney for the defendants in error to submit the case under rule twenty, but said attorney had informed him that the defendants in error would not consent to anything of the kind or agree to anything whatever that would speed the final hearing; "that he supposed it was a matter of course, upon the return of the writ of error to the Supreme Court of the United States from a Circuit Court of the United States, that the clerk of the said Supreme Court would immediately, on such return of such writ and a tran-

script of the record, together with the necessary citation and bond, all regularly prepared, at once docket said cause without further delay or without anything more to be done on the part of affiant. Affiant does not now remember whether or not he sent to said clerk a docket fee, and affiant states that he may not at that time have known [or] regard[ed] it as absolutely necessary to do so before a record on the return of the writ of error would be filed in said office; but affiant states that according to the best of his remembrance that he has sent the said clerk the said docket fee, and that he sent the same just so soon as he knew the amount thereof and the said clerk demanded the same; and affiant further states that if there was any delay whatever in this regard, it was not at all intentional on his part and was a mere matter of mistake; and affiant further states that he does not now remember that there was any delay or any mistake made by him in sending said docket fee."

Affiant further says that he has prepared full and elaborate printed briefs, on the merits as well as on the motion, which he asks the court carefully to examine; and reiterates inadequacy of time to investigate the cause or reason why the record was not filed in the time required, if such was the case, as the motion "does not state anything at all to explain why said record was not filed in that time, but simply states that the filing mark upon said record shows that the same was filed in the clerk's office on the 13th day of January, 1890."

"Affiant further states that he has made this affidavit wholly from his remembrance of what he has done and intended to do touching the filing of said record, and from what he understands or did not understand in regard to such matters in the office of the clerk of the said Supreme Court, and if anything in this affidavit should turn out not to be wholly correct it is because affiant has not now and does not remember having had any information or knowledge to the contrary of what he has stated above in this affidavit."

*Mr. George A. King*, for the motion, submitted on his brief.

*Mr. Thomas A. Green* in person filed a brief in opposition, and submitted on the same.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

The transcript of the record may be filed at any day during the term succeeding the taking of an appeal or the bringing of a writ of error, if appellee or defendant in error has not in the meantime had the cause docketed and dismissed. But this cannot be done after the expiration of the term, because the writ of error has then become *functus officio*, and the appeal has spent its force. *Credit Co.* v. *Arkansas Central Railway Co.*, 128 U. S. 258; *Evans* v. *State Bank*, 134 U. S. 330. Remedies may be found where the plaintiff in error or appellant is entirely free from laches or want of diligence, and is prevented from obtaining the transcript by the fraud of the other party, the order of the court or the contumacy of the clerk. *United States* v. *Gomez*, 3 Wall. 752, 763; *Ableman* v. *Booth*, 21 How. 506; *Grigsby* v. *Purcell*, 99 U. S. 505.

When, however, a return is made, and the transcript seasonably deposited in the clerk's office, jurisdiction is not lost by the lapse of the term, but the cause may still be docketed, if the circumstances are such as to justify the court in exercising its discretion to that effect. *Edwards* v. *United States*, 102 U. S. 575; *Richardson* v. *Green*, 130 U. S. 104. This we cannot be called upon to do arbitrarily. To the proper conduct of the business of this court rules are necessary, and, having been prescribed, reasonable compliance with them is expected and must be insisted upon. When they are disregarded, dispensation from the consequences can only be extended where the circumstances furnish adequate excuse. Were this otherwise, our regulations might become more honored in the breach than the observance, and the recognition of due procedure would be seriously weakened and impaired.

The writ of error in this case bears date October 3, 1887, and was filed on that day in the Circuit Court. It was returnable to October term, 1887, of this court, which term closed by adjournment on May 14, 1888. The transcript reached the clerk May 10, 1888, and if then docketed would have been in time. And as jurisdiction was kept alive by the delivery of

the record, this court had power to direct it to be subsequently placed upon the docket, or to treat the act of the clerk in docketing it as providently done.

The transcript was filed and the cause docketed January 13, 1890. The judgment sought to be revised was entered July 27, 1887, and it thus appears that the case was not docketed until the expiration of considerably more than two years after the entry of such judgment, the statutory limitation upon the bringing of the writ of error. Rev. Stat. § 1008.

The defendants in error filed their motion to dismiss on November 17, 1890, and gave notice that it would be submitted December 15, following. They were not bound to docket and dismiss the case if they did not choose to do so, and the plaintiff in error occupies no position entitling him to complain because they did not. Nor did they wait until the two years had run before making their motion. On the contrary, that time had expired some months before the transcript was filed. The motion may be made at any time before hearing, or the objection be availed of by the court *sua sponte*, *Grigsby* v. *Purcell*, 99 U. S. 505, although delay in presenting the point has sometimes been referred to as an element in combination with others, justifying leniency in its disposition.

By Rule 9, the appearance of counsel for the party docketing the case must be entered upon the filing of the transcript. As the plaintiff in error was a member of this bar, and notified the clerk in transmitting the transcript that the case was one of his own, we think his appearance was properly entered when the record was filed, and might have been so on May 10, 1888, if the case had then been docketed. By Rule 10, the plaintiff in error, or appellant, is required, on docketing a case and filing the record, to enter into an undertaking with the clerk, with surety to his satisfaction, for the payment of his fees, or otherwise to satisfy the clerk in that behalf. The practice, since the act of March 3, 1883, 22 Stat. 631, c. 143, has been for parties to deposit the sum of $25 in lieu of a fee bond, and the rule provides for the subsequent advance of the cost of printing the record and the fee for its preparation. The fee for docketing a case and filing and indorsing the trans-

cript of the record is fixed by the rule at five dollars, and the twenty-five dollars above referred to covers that sum and the estimated costs up to the time for printing.

The plaintiff in error was a member of this bar, and especially bound to know the rules, and that it was a condition precedent to the filing of the record and docketing of the case that security should be given to or that a deposit should be made with the clerk. But knowledge need not be imputed; for by his letter of May 5, 1888, accompanying the record, plaintiff in error showed actual knowledge of the necessity for the deposit, and assured the clerk that it would be forwarded, while at the same time he requested blanks for the entry of appearance of counsel on both sides. In view of this letter, it is impossible for us to doubt that the plaintiff in error was, as every member of our bar should be, sufficiently acquainted with our rules and the conduct of business in the clerk's office. But he forwarded no deposit nor fee bond, nor paid the specified fee for filing the transcript, nor transmitted a formal appearance, though blanks had been sent him May 10, 1888, as requested.

On January 7, 1890, a year and eight months after his letter of May 5, 1888, the plaintiff in error remitted to the clerk the sum of $25, which is the deposit required, and wrote that he found, on looking over his books at New Year's, that he had forgotten to send "a docket fee" in the case, and requested the case to be docketed at once if that had not already been done. The transcript was accordingly filed and the cause docketed January 13, 1890, as already stated, and plaintiff in error informed thereof.

We regard the laches of plaintiff in error as too gross to be passed over. We cannot treat his omission to forward the deposit soon after May 5, 1888, nor the twenty months' neglect that thereupon ensued, as attributable to ignorance or inadvertence, or as excusable upon any ground heretofore deemed sufficient. Mere carelessness in the inception may have finally resulted in forgetfulness; but we cannot, therefore, absolve him from the penalty legitimately attaching to this disregard of our rules. The writ of error must be dismissed.

We regret that we find ourselves compelled to add some-thing further.   The printed argument of plaintiff in error contains many allegations wholly aside from the charges made in his complaint, and bearing reproachfully upon the moral character of individuals, which are clearly impertinent and scandalous, and unfit to be submitted to the court.   It is our duty to keep our records clean and free from scandal.

*The brief of the plaintiff in error will be stricken from the files and the writ of error dismissed, and it is so ordered.*