## FLEGENHEIMER v. UNITED STATES.
### No. 6000.

Circuit Court of Appeals, Third Circuit.
Oct. 7, 1936.

George S. Silzer, of Newark, N. J., and John E. Toolan, of Perth Amboy, N. J., for appellant.

Thorn Lord, Asst. U. S. Atty., of Trenton, N. J., and John W. Burke, Jr., Sp. Asst. to Atty. Gen., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This case concerns, primarily, the appeal of Arthur Flegenheimer, whom for brevity we refer to as "the deceased"; and secondly, his counsel in certain proceedings in the court below.

Referring first to the former matter, it appears deceased was a notorious alleged bootlegger and tax evader. An indictment in the Southern District of New York was found against him in about 1933 for violation of the income tax laws. Following this indictment, on which he was not arrested, deceased was tried on an indictment in the Northern District of New York and the jury failing to agree, he was tried a second time and acquitted. Just why it does not appear, but for its own reasons the Government saw fit to take no steps—although he appeared at both trials—to arrest him for removal to the Southern District of New York. By September 20, 1935, he seems to have made up his mind to surrender himself to the United States authorities in the District of New Jersey, and George S. Silzer, John E. Toolan and Harry H. Weinberger were retained as his counsel, who were in due course informed that he would come to, or be in, Perth Amboy, New Jersey. His counsel, conceiving that the surrender should be made to the United States Commissioner nearest to Perth Amboy, pursuant to Section 595, Title 18, of the Criminal Code, U.S.C.A., who in this case was United States Commissioner Spritzer, residing at New Brunswick, New Jersey, notified the Commissioner that their client would appear for surrender and fixation of bail. Thereupon the said Commissioner called

up the office of the United States Attorney for the District of New Jersey and informed it of the intended surrender and that office replied that as there was no charge in that office against the man, they were not concerned. The Commissioner thereupon called up the United States District Attorney's office of the Southern District of New York and informed them of the same fact and that he would give them an opportunity to be heard. Following this the deceased came to the office of the Commissioner and offered to give bail. The representative of the Southern District of New York appeared and with him the United States Marshal of the District of New Jersey, who had a bench warrant from one of the Judges of the New Jersey United States District Court. A discussion ensued, Toolan and the United States Commissioner contending that the jurisdiction rested wholly under the Act of Congress, with the Commissioner; but when the Judge was called up by phone, he directed that the deceased be produced before him on the bench warrant. Accordingly, the Commissioner took no further action. Thereupon the deceased was taken before the Judge and, as we view it, the simple question before that Judge was, was there probable cause for the removal of the defendant from New Jersey to the Southern District of New York. But pending the hearing of that question, which was never heard before the Judge or decided by him, an application was made by deceased for his release on bail, which was fixed by the Judge at $75,000. The deceased made the contention that the bail fixed by the court was excessive and oppressive, but the court refused to reduce the $75,000 bail demanded and declined to justify the bail offered in that amount by the deceased. Following this the deceased, contending that the Judge was biased and prejudiced against him in favor of the United States, and in pursuance of Section 21 of the Judicial Code, Act of March 3, 1911, c. 231, 36 Stat. 1090, 28 U.S.C.A. § 25, filed an affidavit of prejudice. His counsel tried to induce him not to do so, but he resolutely held to his view and counsel, feeling that he was acting in good faith, made a certificate to that effect as required by the statute. Following this the court filed an opinion of which counsel complain that it wrongfully, unjustly, and without warrant reflected on their professional integrity and conduct and irreparably injured their reputation locally and generally. Two of the counsel had held public positions in the State of New Jersey, Mr. Toolan having been a member of the State Senate, and Mr. Silzer the Governer of the State and for some time a Judge of the Circuit Court of New Jersey. Following its opinion, the Judge below struck the affidavit of the deceased from the files. Thereupon they took an appeal to this court and, with the coming in of the record, counsel asked the court to intervene and relieve them from the alleged unwarranted charges against them made by the trial Judge. In this court the Government moves to dismiss the appeal on account of the death of Flegenheimer.

 After argument and full consideration had, we are of opinion that while the appeal should be dismissed, a grave duty rests on this court—in case it finds from the proofs that these counsel were unjustly charged with improper conduct—to protect the good name of the United States Commissioner and the counsel. After careful study of the record and the facts of the case as they appear, we are of opinion that it is the duty of this court, in case the record contains any wrongful aspersions on their character, to so hold and protect them in the performance of their duty as counsel. We find no reason for questioning the action of the United States Commissioner or his good faith and integrity of purpose in asserting that jurisdiction existed in him under the Act of Congress specified. Whether the Commissioner and deceased's counsel were right in their contention, or whether the court below was right in its contention that its bench warrant superseded the jurisdiction of the Commissioner, is a question not before us and not necessary to our decision. The sole question as to that proceeding is the good faith and integrity of the counsel and Commissioner in so contending. We find no improper conduct in the counsel of the deceased certifying to the good faith of deceased's affidavit of bias. It is not necessary for us to decide, and we do not decide, the question of whether that affidavit was well founded or not. That question is not before us and not necessary to our decision. But we find nothing to impugn the good faith of Governer Silzer and his associates in the surrender of the deceased to the Commissioner or in signing the certificate which the statute provided for. That they tried to induce the deceased not to file the affidavit does not imply that they used bad faith thereafter in signing it.

As long as the deceased honestly believed that the Judge was biased and stated on what facts he based his opinion, it was his right to call on his counsel to give the certificate provided by the statute in order to have the question of bias determined. It seems, therefore, quite clear to us that the issue before the court was one of removal of the man it had in custody and the court was not called upon, in deciding that question, to pass upon the ethical conduct of the counsel. If they were guilty of anything wrong or unethical conduct, they were entitled to have that matter disposed of in a proper proceeding looking to their punishment or disbarment. So regarding, the appeal of the deceased is dismissed, but the opinion of the court below is ordered to be stricken from the record of this court, and for so doing we find support in the remarks of Chief Justice Fuller in Green v. Elbert, 137 U.S. 615, 11 S.Ct. 188, 34 L.Ed. 792, and in the opinion and cases cited in Keown v. Hughes, 1 Cir., 265 F. 572.