[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14066
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00475-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS F. SPELLISSY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 26, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Thomas E. Spellissy appeals from his convictions for conspiracy to defraud

the United States, in violation of 18 U.S.C. § 371, to commit bribery, in violation

of 18 U.S.C. § 201(b)(1)(A), and to commit wire fraud, in violation of 18 U.S.C.

§§ 1343, 1346; bribery, in violation of 18 U.S.C. § 201(b)(1)(A); and wire fraud, in violation of 18 U.S.C. §§ 1343, 1346. On appeal, Spellissy primarily argues that: (1) the district court abused its discretion in denying his motion for a new trial, filed pursuant to Fed.R.Crim.P. 33; and (2) the district court abused its discretion in granting the government's motions to strike from the record an affidavit and Spellissy's response in opposition to the government's motion to strike the affidavit. After thorough review, we affirm.[1]

We review a district court's denial of a motion for a new trial based on newly discovered evidence for abuse of discretion. United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). We also review a district court's ruling on the admissibility of evidence, including a decision to strike an affidavit as untimely, is reviewed for abuse of discretion. Goulah v. Ford Motor Co., 118 F.3d 1478, 1483 (11th Cir. 1997); Useden v. Acker, 947 F.2d 1563, 1571-72 (11th Cir. 1991).

First, we are unpersuaded by Spellissy's claim that the district court abused its discretion in denying his motion for a new trial. Pursuant to Fed.R.Crim.P. 33, a defendant may file a motion for a new trial grounded on newly discovered

---

[1] As an initial matter, the issue of whether the conspiracy count should be vacated because the objects of the conspiracy are contrary to law is inappropriate on an appeal from the denial of a motion for a new trial based on newly discovered evidence. Similarly, to the extent Spellissy argues that there was insufficient evidence to support his conviction, this argument is also inappropriate.

2

evidence within three years after the verdict or finding of guilty, and the court may grant a new trial in the interest of justice. Fed.R.Crim.P. 33(a), (b)(1).

> To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

Jernigan, 341 F.3d at 1287 (quotation and citation omitted). The failure to satisfy any one of these elements will defeat a motion for a new trial. United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995). We have held that "motions for a new trial are highly disfavored, and that district courts should use great caution in granting a new trial motion based on newly discovered evidence." Jernigan, 341 F.3d at 1287 (citation and internal quotation marks omitted).

The district court did not abuse its discretion in denying Spellissy's motion for a new trial because Spellissy failed to establish the elements necessary to succeed on a Rule 33 motion for a new trial based on newly discovered evidence. Among other things, there is no evidence that the post-trial testimony Spellissy introduced could not have been obtained for trial in the exercise of due diligence. In fact, Spellissy concedes that (1) he knew the post-trial witnesses at the time of trial, (2) was confident as to how they would testify, but did not know if they

3

would testify or if the Army would let them testify, and (3) that the testimony may not have been presented because his trial counsel did not exercise due diligence. Spellissy effectively admits that he knew that these witnesses's testimonial evidence was available, yet he did not attempt to secure them as witnesses. Even if the government did prevent some witnesses from testifying (which Spellissy repeatedly argued in various motions, and which the district court repeatedly found was not the case), the fact that Spellissy "did not know if [the witnesses] would testify" did not excuse him from seeking their testimony. Moreover, neither of these witnesses asserted that they were in any way prevented from testifying at trial. Therefore, Spellissy has failed to meet the first two requirements to succeed on a motion for a new trial, see Jernigan, 341 F.3d at 1287, and based on these defects alone, the district court did not abuse its discretion in denying Spellissy's motion was properly denied. See Starrett, 55 F.3d at 1554.[2]

Next, we disagree with Spellissy's argument that the district court abused its discretion in granting the government's motions to strike from the record an affidavit and Spellissy's response in opposition to the government's motion to strike the affidavit. An affidavit that contains no admissible evidence may be

---

[2] We also find no merit in Spellissy's claim that the district court abused its discretion in rejecting Spellissy's arguments about whether probable cause existed for the search warrant, and we need not address it here.

4

excluded. See United States v. Venske, 296 F.3d 1284, 1290 (11th Cir. 2002) (disregarding statements because they were barred by Fed.R.Evid. 606(b)). Rules 401 and 402 of the Federal Rules of Evidence establish that evidence must have probative value to be relevant, and that irrelevant evidence is not admissible. Rule 602 of the Federal Rules of Evidence states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed.R.Evid. 602.

Furthermore, the Supreme Court established long ago that federal courts have the duty to keep their records clean and free from scandal. Green v. Elbert, 137 U.S. 615, 624 (1890). Courts have inherent powers derived from common law that assist in exercising their enumerated judicial powers, such as managing their cases and courtrooms. Byrne v. Nezhat, 261 F.3d 1075, 1132 n.110 (11th Cir. 2001); see also Equity Lifestyle Props., Inc., v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"), citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

The court did not abuse its discretion in determining that these filings were immaterial and scandalous and, therefore, striking them from the record. The district court found that the affidavit was inadmissible evidence because the affiant

5

had no personal knowledge of Spellissy's case, and because the allegations contained in the affidavit had nothing whatsoever to do with Spellissy's case. See Fed.R.Evid. 401, 402, and 602. When Spellissy filed the response to the government's motion to strike even after the court issued its order, the court determined that Spellissy willfully disregarded the previous order by putting back into the record the same allegations that the court had just stricken. Even by Spellissy's own description, it appears the affidavit contained no new evidence relevant to Spellissy's case, and, therefore, was immaterial. Thus, it was well within the court's discretion to determine that these filings had no place in the record due to their scandalous nature, especially when coupled with their lack of probative value. See Elbert, 137 U.S. at 624; Venske, 296 F.3d at 1290. Accordingly, the court did not abuse its discretion in granting the government's motions to strike.[3]

Finally, we reject Spellissy's claim that he is entitled to a new trial because the newly discovered evidence shows that the government knowingly committed cumulative errors which violated his constitutional rights under the Confrontation

---

[3] With respect to Spellissy's argument that he could have used the affidavit to attack another witness's credibility, this claim is without merit. A prosecutor does not become a witness in a trial because he "witnessed" and signed a plea agreement that was introduced into evidence at trial. Moreover, evidence attacking the credibility of a witness cannot be grounds for a new trial, as it would merely be impeaching. See Jernigan, 341 F.3d at 1287.

and Due Process clauses.[4]  We have held that "the 'cumulative effect' of multiple errors may so prejudice a defendant's right to a fair trial that a new trial is required, even if the errors considered individually are non-reversible."  United States v. Thomas, 62 F.3d 1332, 1343 (11th Cir. 1995).

As discussed above, Spellissy has failed to show that the district court abused its discretion in denying any of Spellissy's motions, and, therefore, he cannot show cumulative error, much less plain error.  See United States v. Waldon, 363 F.3d 1103, 1110 (11th Cir. 2004) (explaining that no cumulative error can exist where the defendant fails to demonstrate individual errors underlying the district court's determination).  Furthermore, we have never applied the cumulative error doctrine, which goes to the fairness of the trial proceedings, in the context of a new trial motion premised on newly discovered evidence.

Accordingly, we affirm.

**AFFIRMED.**

---

[4]  Because Spellissy raises this issue for the first time on appeal, review is for plain error only.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  Under plain-error review, the defendant has the burden to show that there was plain error that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  In addition, the error must seriously affect the "fairness, integrity, or public reputation of judicial proceedings."  Id. (citation, brackets and internal quotation marks omitted).