[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 16, 2011
JOHN LEY
CLERK

_____

No. 11-10107
Non-Argument Calendar

_____

D.C. Docket No. 8:05-cr-00475-JDW-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS F. SPELLISSY,
STRATEGIC DEFENSE INTERNATIONAL, INC.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2011)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Thomas Spellissy, a felon no longer in custody, and Strategic Defense International ("SDI"), a corporation founded by Spellissy, appeal the district court's order denying their petition for a writ of error coram nobis, 28 U.S.C. § 1651(a). They base their appeal on the contention that the writ is necessary to remedy a violation of Skilling v. United States, 561 U.S. __, 130 S.Ct. 2896 (2010), because their convictions for conspiracy to defraud the United States, 18 U.S.C. § 371, through the commission of the offenses of bribing a public official, 18 U.S.C. §§ 201(b)(1)(A) and (B), and honest services wire fraud, 18 U.S.C. §§ 1343 and 1346, are now non-criminal. After careful review, we affirm.

We review a district court's denial of a petition for a writ of error coram nobis for abuse of discretion, "keeping in mind that an error of law is an abuse of discretion per se." United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002) (citation and quotation omitted). The abuse of discretion standard "recognizes there is a range of choices within which we will not reverse the district court even if we might have reached a different decision." Seibert v. Allen, 506 F.3d 1047, 1049 n.2 (11th Cir. 2007) (quotation omitted).

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts the authority to issue a writ of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). A writ of error coram nobis is a remedy to vacate a conviction, which is available, unlike relief under 28 U.S.C. § 2255, when the petitioner has served his sentence and is no longer in custody. Peter, 310 F.3d at 712. It is available to alleviate the consequences of a wrongful conviction that may continue after a

sentence is complete.  United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997).  The bar for coram nobis is high, and a petitioner may only obtain such relief where: (1) "there is and was no other available avenue of relief" and (2) "when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."  Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (quotation omitted).  Because the "writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice," courts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier.  Mills, 221 F.3d at 1203-04.

The Supreme Court held, for the first time in Skilling, that the scope of activity proscribed by "honest-services fraud," 18 U.S.C. § 1346, does not include liability for "conflict of interest" or "undisclosed self-dealing."  130 S.Ct. at 2932.  The Supreme Court held that while section 1346 properly included schemes to defraud involving bribes and kickbacks, within its terms, the honest-services provision could not "extend beyond that core meaning . . . [or it] would encounter a vagueness shoal[.]"  Id. at 2907.  "A criminal defendant who participated in a bribery or kickback scheme, in short, cannot tenably complain about prosecution under § 1346 on vagueness grounds."  Id. at 2934.

In Skilling, the government did not, either in the indictment or evidence presented, allege that the defendant engaged in bribery.  Id.  Because the indictment

3

alleged multiple objects of the conspiracy, and the "honest-services" object did not rest on a bribery or kickback scheme, Skilling's conviction was flawed. Id.

In United States v. Siegelman, 640 F.3d 1159, 1173 (11th Cir. 2011), we held that no Skilling error existed when a district court failed to instruct a jury that to convict a defendant of honest-services fraud, a quid pro quo arrangement of bribery had to be proven. We also held that any error with regard to a failure to so instruct the jury, based on Skilling's narrowing of honest-services fraud liability, was harmless because the indictment also charged bribery, under 18 U.S.C. § 666, and the jury having been so instructed on the bribery charge, and having convicted the defendant, rendered harmless any error in the honest services instruction that did not include the quid pro quo instruction. Id. at 1173-74. However, any such spillover effect of an instruction was negated when an honest services fraud count did not have a corollary bribery count that dealt with the same charged conduct. Id. at 1177 n.26.

Constitutional error occurs when a jury is instructed on alternative theories of guilt and returns a verdict that may rest on a legally invalid theory. Yates v. United States, 354 U.S. 298 (1957), overruled on other grounds by Burks v. United States, 437 U.S. 1 (1978). However, these constitutional claims, or Yates errors, are subject to harmless error analysis. Hedgpeth v. Pulido, 555 U.S. 57 (2008). The burden is on the petitioner to show entitlement to relief in a petition for a writ of error coram nobis. See Moody v. United States, 874 F.2d 1575, 1578 n.6 (11th Cir. 1989).

The government has the opportunity to demonstrate that a Yates error was harmless. Skilling, 130 S.Ct. at 2934. In the habeas context, the government can

4

demonstrate that a <u>Yates</u> error was harmless if it did not have "substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993) (citing <u>Kotteakos v. United States</u>, 328 U.S. 750, 776 (1946)). On direct appeal, however, to show that a <u>Yates</u> error was harmless, the government must demonstrate that it was "harmless beyond a reasonable doubt." <u>Id.</u> at 622-23; <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967). The Supreme Court has stated that, for purposes of the government's opportunity to demonstrate harmless error, in a <u>Yates</u> error context, the easier-to-meet "substantial injurious effect" standard "is better tailored to the nature and purpose of collateral review" than the "beyond a reasonable doubt standard" employed on direct appeal. <u>Brecht</u>, 507 U.S. at 623; <u>see</u> <u>Peter</u>, 310 F.3d at 712 (characterizing coram nobis as a form of collateral relief).[1]

Here, Spellissy and SDI failed to demonstrate any legal error, much less a fundamental error rendering the proceedings before the district court invalid, for several reasons. First, their convictions were not based on the same "conflict of

---

[1] We have concluded in only one published case that coram nobis relief was appropriate. <u>Peter</u>, 310 F.3d at 709. In <u>Peter</u>, a petitioner pled guilty to conduct that the Supreme Court later determined to be non-criminal based on its construction of the word "property" in a federal mail fraud statute. <u>Id.</u> at 711. The petitioner in <u>Peter</u> filed a petition for coram nobis after his sentence ended, and we concluded that the district court was "without jurisdiction to accept a guilty plea to a non-offense." <u>Id.</u> at 711, 713 (quotation omitted).

In <u>Peter</u>, the issue on appeal was whether the Supreme Court's construction of "property" had rendered Peter's conduct non-criminal, and, if so, whether coram nobis relief was appropriate. <u>Id.</u> at 709-16. Peter had pled guilty to a charge of racketeering conspiracy based on predicate acts of mail fraud. <u>Id.</u> at 710. His mail fraud predicate acts were founded upon misrepresentations he made in license applications to a state regulator. <u>Id.</u> at 711. However, once the Supreme Court held that licenses were not "property" under the mail fraud statute, Peter's actions had never violated the mail fraud statute. <u>Id.</u> at 711.

interest" or "self-dealing" theories of liability foreclosed by Skilling. Specifically, with regard to the conspiracy charge, the jury was instructed that the conspiracy alleged two objects, bribery and wire fraud; only one had to be unanimously agreed upon by the jury to convict; and the conspiracy deprived the government of honest services if it involved a scheme to cheat the public, such as by accepting a bribe. Therefore, the instructions were not predicated on the theories of liability foreclosed by Skilling.

Second, even if a constitutional, or Yates-style error occurred under Skilling, it was harmless. As the record shows, the charged activity, the arguments made in closing, the instructions to the jury, and the post-verdict arguments, all point to the fact that the proscribed activity, for which Spellissy and SDI were charged, put on trial, and convicted, involved a scheme by Spellissy and SDI to pay Burke for preferential treatment in procuring contracts. This remains proscribed activity, even after Skilling narrowed "honest-services fraud" to include only bribe or kickback schemes. Therefore, any Yates error at trial was harmless, because it likely did not have a "substantial and injurious effect" on the jury's verdict, since the information and instructions presented to the jury were premised on a bribery or kickback scheme. Brecht, 507 U.S. at 623.

Therefore, we need not decide whether an error of this variety presents the type of fundamental error for which coram nobis relief is appropriate, because, assuming arguendo that it is, the petitioners' claims fail regardless. Consequently, the district court did not abuse its discretion and we affirm.

6

**AFFIRMED.**