[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11067
Non-Argument Calendar

_____

D.C. Docket No. 8:05-cr-00475-JDW-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS F. SPELLISSY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Thomas Spellissy was convicted of conspiracy to defraud the United States

and to commit bribery and wire fraud, and has served his sentence. Spellissy's

offense of conviction arose from his employment as a consultant to various

companies seeking to transact business with the U.S. Special Operations Command ("SOCOM"), and his interactions with William E. Burke, an employee of a private contractor who was assigned to a division of SOCOM, and, in that capacity, acted for and on behalf of the United States and the U.S. Department of Defense ("DOD"). As a felon no longer in custody, he now appeals the district court's order denying his petition for a writ of error coram nobis, 28 U.S.C. § 1651(a). On appeal, Spellissy argues that the district court erred in denying him coram nobis relief because: (1) his conviction for conspiracy to defraud the United States, 18 U.S.C. § 371, through the commission of the offense of bribing a public official, 18 U.S.C. § 201(b)(1)(A), and wire fraud, 18 U.S.C. §§ 1343 and 1346, is now non-criminal in light of the Supreme Court's holding in McDonnell v. United States, 136 S. Ct. 2355 (2016); and (2) the district court made numerous errors in instructing the jury, including an error based on Skilling v. United States, 130 S. Ct. 2896 (2010). After thorough review, we affirm.

We review a district court's denial of a petition for a writ of error coram nobis for abuse of discretion, keeping in mind that an error of law is an abuse of discretion per se. United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002). The abuse of discretion standard recognizes that there is a range of choices within which we will not reverse the district court, even if we might have reached a different decision. Siebert v. Allen, 506 F.3d 1047, 1049 n.2 (11th Cir. 2007).

2

First, we are unpersuaded by Spellissy's claim for coram nobis relief based on his argument that his conspiracy conviction now constitutes non-criminal conduct. The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts the authority to issue writs of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). A writ of error coram nobis is a remedy to vacate a conviction, and is available, unlike relief under 28 U.S.C. § 2255, when the petitioner has served his sentence and is no longer in custody. Peter, 301 F.3d at 712. The coram nobis writ is an extraordinary remedy that is only available "in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203. The Supreme Court has explained that a writ of error coram nobis is "traditionally available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quotations omitted).

A court can only provide coram nobis relief if: (1) no other avenue of relief is available or has been available; and (2) the petitioner presents a fundamental error that made the proceedings irregular and invalid. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). Where other avenues of relief are available, a district court may consider coram nobis petitions only when a petitioner presents sound reasons for failing to seek relief earlier. Mills, 221 F.3d at 1204. By its

3

nature, a jurisdictional error is of "such a fundamental character as to render proceedings irregular and invalid." Peter, 310 F.3d at 715 (quotation omitted).  In Peter, we granted coram nobis relief where the district court did not have jurisdiction to accept the defendant's guilty plea because, based on the retroactive effect of the Supreme Court's decision that licenses were not "property" under the mail fraud statute, the defendant's actions had never violated the mail fraud statute and did not constitute criminal conduct.  Id. at 715.

It is illegal for two or more persons to conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and for one or more of such persons to do any act to effect the object of the conspiracy.  See 18 U.S.C. § 371.  It is also illegal for a person to directly or indirectly, corruptly give, offer or promise anything of value to any public official or person who has been selected to be a public official, or offer or promise any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent to influence any official act.  Id. § 201(b)(1)(A).  The term "official act" is defined as "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit."  Id. § 201(a)(3).

4

In McDonnell, the Supreme Court held that setting up a meeting, calling another public official, or hosting an event does not, standing alone, qualify as an "official act." 136 S. Ct. at 2368. The Supreme Court concluded that an "official act" is a decision or action on a "question, matter, cause, suit, proceeding or controversy" that must involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee and must also be something specific and focused that is "pending" or "may by law be brought" before a public official. Id. at 2371-72. The Supreme Court vacated McDonnell's conviction, holding that the instructions given to the jury on the term "official act" were significantly overinclusive. There, the jury had been instructed that the term "official action" included "actions that have been clearly established by settled practice as part of a public official's position, even if the action was not taken pursuant to responsibilities explicitly assigned by law" and that "official actions may include acts that a public official customarily performs," including acts "in furtherance of longer-term goals" or "in a series of steps to exercise influence or achieve an end." Id. at 2373-75. The Supreme Court concluded that the jury may have convicted McDonnell for conduct that was not unlawful, and, therefore, could not conclude that the errors in the jury instructions were "harmless beyond a reasonable doubt." Id. at 2375.

5

Under the law-of-the-case doctrine, both district and appellate courts are generally bound to follow a prior appellate decision in the same case. Thomas v. United States, 572 F.3d 1300, 1303 (2009).    The law-of-the-case doctrine "generally operates to preclude a reexamination of issues decided upon appeal, either by the district court on remand or by the appellate court itself upon a subsequent appeal." Westbrook v. Zant, 743 F.2d 764, 768 (11th Cir. 1984) (quotations omitted).  We have recognized three exceptions to the law-of-the-case doctrine, in cases where:  "(1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to the issue, or (3) the previous decision was clearly erroneous and would work a manifest injustice." Id. at 768-69.

Here, the district court did not abuse its discretion by denying Spellissy's petition for writ of error coram nobis because Spellissy did not demonstrate that the alleged jury instruction error in violation of McDonnell was a fundamental error that made the proceedings irregular and invalid.  Alikhani, 200 F.3d at 734. Indeed, even if we were to assume that the jury instructions in his case were overly inclusive as in McDonnell, any alleged error in the jury instructions would be harmless.  As the record reveals, the government did not rely at trial on conduct like arranging meetings, calling another public official, or hosting an event as evidence of official acts to sustain his conviction.  Instead, the government focused

6

its evidence and argument on Burke's participation in the review and prioritization of a specific proposal pending before the Comparative Testing Office and his agreement to influence that process in exchange for bribes from Spellissy -- in other words, conduct that involved the awarding of specific government contracts up for bid, and that still meets the definition of "official act" after McDonnell. See Hedgpeth, 555 at 58-62. Therefore, unlike in McDonnell, the jury could not have convicted Spellissy of conduct that is now unlawful. Under these circumstances, we cannot say that Spellissy suffered an error of the most fundamental character that rendered the proceeding itself irregular and invalid for purposes of coram nobis relief. Peter, 310 F.3d at 715.

Nor do Spellissy's allegations of cumulative error entitle him to coram nobis relief. Among other things, he has not demonstrated why he could not have previously raised on direct appeal any alleged error in the district court's instruction that "the defendants knowingly and willfully conspired together." Alikhani, 200 F.3d at 734.[1] As for his argument based on Skilling, he has previously raised it and we have already rejected it. Under the law-of-the-case doctrine, we are bound by that decision, and Spellissy has not demonstrated either that controlling authority has since made a contrary decision, or that the previous

---

[1] As for Spellissy's challenge to the jury instruction on "intent to defraud," he raises this argument for the first time in this appeal. As we've "repeatedly held[,] . . . an issue not raised in the district court and raised for the first time in an appeal will not be considered." Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (quotations omitted).

decision was clearly erroneous.  Thomas, 572 F.3d at 1303; Westbrook, 743 F.2d at 768.  Accordingly, we conclude that the district court did not abuse its discretion by denying Spellissy's petition for writ of error coram nobis.

**AFFIRMED**.