[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14287

_____

D. C. Docket No. 05-00475-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS F. SPELLISSY,
STRATEGIC DEFENSE INTERNATIONAL, INC.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(September 18, 2007)**

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,* District Judge.
 PER CURIAM:

_____

* Honorable Edward R. Korman, United States District Judge for the Eastern District of
New York, sitting by designation.

Thomas F. Spellissy and his company Strategic Defense International, Inc. ("SDI") appeal from their conviction for conspiracy to defraud the United States and to commit two offenses (bribery and wire fraud), in violation of 18 U.S.C. § 371. Spellissy also appeals his fifteen-month prison sentence.[1] We affirm.

The convictions arose out of the alleged general services agreement between Spellissy, who was on "terminal leave" from the military, and William Burke, a civilian contractor, to obtain preferential treatment for their clients. The Government charged Burke by information with bribery, in violation of 18 U.S.C. § 201(b)(2)(A) and (B) and § 2, to which Burke pled guilty as charged. Spellissy and SDI were convicted of conspiracy to defraud the United States and commit two offenses (bribery and wire fraud), in violation of 18 U.S.C. § 371.

At sentencing, the court calculated a four-level enhancement to Spellissy's offense level, based on its determination that Burke was a high-ranking public official or otherwise held a sensitive position. The court then imposed a below-Guidelines sentence of fifteen months.

Spellissy argues on appeal that: (1) the district court erred in denying his motion to suppress because the probable cause affidavit on which it was based

---

[1] Spellissy was also sentenced to two years' supervised release and 150 hours of community service, and was ordered to pay a $4,000 fine. The district court stayed execution of Spellissy's sentence pending appeal.

included misrepresentations and had omitted relevant information; (2) the introduction into evidence of Burke's plea agreement violated his Sixth Amendment right to confront a witness; (3) the court erred in denying Spellissy's motion for acquittal or a new trial because the evidence was insufficient to establish guilt for the conspiracy charges; and (4) his sentence was improperly calculated under the Guidelines.

As to the convictions, we first find no reversible error in the district court's conclusion that when the omissions were included and the misrepresentations omitted from the probable cause affidavit, the affidavit still adequately supported probable cause for the violation alleged. Thus, the district court did not err in denying Spellissy's motion to suppress. Second, we find no merit to Spellissy's argument that the admission of Burke's plea agreement was erroneous. Finally, on the basis of all of the evidence presented, viewing it, and drawing all reasonable inferences from it, in the light most favorable to the jury verdict, United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999), we are satisfied that there was sufficient evidence from which a reasonable jury could have convicted Spellissy on the conspiracy counts.

As to the sentence, the district court did not clearly err in concluding that Burke was a public official who held a sensitive position, and thus, did not err in

determining his base offense level under U.S.S.G. § 2C1.1(b)(3).

**AFFIRMED.**