[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14795
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cr-00475-JDW-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS F. SPELLISSY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 22, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Thomas Spellissy, a felon no longer in custody, appeals the district court's order denying his pro se petition for a writ of error coram nobis, 28 U.S.C. § 1651. Spellissy argues on appeal that the district court erred in denying his petition for writ of error coram nobis, because Spellissy showed that a fundamental error of fact and law relating to his date of retirement from the U.S. Army resulted in the issuance of the search warrant of his residence, the admission at trial of evidence seized pursuant to the warrant, and ultimately, Spellissy's conviction for conspiring to defraud the United States and to commit bribery and wire fraud. After careful review, we affirm.

We review a district court's denial of a petition for a writ of error coram nobis for abuse of discretion. United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or relies on findings of fact that are clearly erroneous. Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010).

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts the authority to issue a writ of error coram nobis. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). A writ of error coram nobis is a remedy to vacate a conviction, and is available, unlike relief under 28 U.S.C. § 2255, when the petitioner has

2

served his sentence and is no longer in custody.  Peter, 310 F.3d at 712.  The bar

for coram nobis is high, and a petitioner may only obtain such relief where: (1)

"there is and was no other available avenue of relief" and (2) "when the error

involves a matter of fact of the most fundamental character which has not been put

in issue or passed upon and which renders the proceeding itself irregular and

invalid."  Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (quotation

omitted).  The "writ of error coram nobis is an extraordinary remedy of last resort

available only in compelling circumstances where necessary to achieve justice."

Mills, 221 F.3d at 1203.  Thus, where other avenues of relief are available, a

district court may consider coram nobis petitions only when a petitioner presents

sound reasons for failing to seek relief earlier.  Id. at 1204 (holding that coram

nobis is an improper vehicle for allegations concerning newly-discovered

evidence).

Here, Spellissy has failed to demonstrate that the district court abused its

discretion in denying his coram nobis petition.  First, Spellissy has not shown that

"there is and was no other available avenue of relief," Alikhani, 200 F.3d at 734,

since his claim regarding the government's misrepresentation of his actual

retirement date -- and, for that matter, any of his arguments regarding his not being

barred from representing the Nordic Ammunition Company to the government

regarding 70mm warheads -- could have been raised at virtually any point in the

3

proceedings.  Indeed, the question of Spellissy's "actual" and "effective" dates of retirement appears to have been thoroughly discussed in earlier proceedings, as reflected in United States v. Spellissy, 346 F. App'x 446, 447-49 (11th Cir. 2009) (unpublished). For this reason alone, his claims are facially not cognizable on coram nobis review.

Moreover, Spellissy's contention that the jury would not have convicted him as to Count One unless it had been misled about his retirement date is too speculative to satisfy the bar for obtaining coram nobis relief.  This is especially true given that Spellissy's retirement date was essentially irrelevant to any element of his conviction for conspiracy to defraud the United States.  Accordingly, we affirm the district court's denial of his petition for a writ of error coram nobis.

**AFFIRMED.**