[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13067

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

_versus_

THOMAS F. SPELLISSY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:05-cr-00475-JDW-TGW-1

_____

2                      Opinion of the Court                    24-13067

Before LUCK, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Thomas Spellissy, a former federal prisoner who was convicted of conspiracy to commit bribery and wire fraud, in violation of 18 U.S.C. §§ 201(b)(1)(A)-(B), 1343, and 1346, appeals the district court's order denying his most recent *pro se* petition for a writ of error *coram nobis*. He argues that, based on *Percoco v. United States*, 598 U.S. 319 (2023), he is factually innocent because the evidence at trial did not show that he conspired to commit bribery or honest-services wire fraud. After thorough review, we affirm.

We review a district court's denial of a petition for writ of error *coram nobis* for abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

The All Writs Act, 28 U.S.C. § 1651, gives federal courts authority to issue writs of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A writ of error *coram nobis* offers a remedy "to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). We've explained that it offers the remedy of vacating a conviction in these circumstances due to the lingering results of convictions, including implications for civil rights or heavier penalties for subsequent offenses. *Id.* The writ, however, may issue only when (1) no other relief is available, and (2) "the error involves a matter of fact of the most fundamental character

*which has not been put in issue or passed upon* and which renders the proceeding itself irregular and invalid." *Alikhani*, 200 F.3d at 734 (quotations omitted and emphasis added).

Here, the district court did not abuse its discretion in denying Spellissy's instant petition for a writ of error *coram nobis*. As a brief background, Spellissy's conspiracy conviction arose out of a general services agreement between Spellissy, his company Strategic Defense International, Inc. ("SDI"), and William Burke, an employee of a private contractor assigned to a division of the U.S. Special Operations Command ("USSOCOM"). Spellissy and SDI represented various companies seeking to transact business with USSOCOM, and through the agreement, the parties conspired to provide preferential treatment to the companies Spellissy represented in exchange for payment. After a jury trial, Spellissy was convicted and the district court sentenced him to 15 months' imprisonment. On direct appeal, we affirmed, holding that the district court did not clearly err during sentencing by concluding that Burke was a public official and that there was sufficient evidence to support Spellissy's conspiracy conviction. *See United States v. Spellissy*, 243 F. App'x 550, 550–51 (11th Cir. 2007).

Spellissy was released from custody in January 2009, and, since then, he has filed numerous petitions for a writ of error *coram nobis*, all of which were denied by the district court, and, on appeal, affirmed by this Court. *See, e.g., United States v. Spellissy*, 842 F. App'x 516 (11th Cir. 2021); *United States v. Spellissy*, 710 F. App'x 392 (11th Cir. 2017); *United States v. Spellissy*, 513 F. App'x 915 (2013);

4                     Opinion of the Court                    24-13067

*United States v. Spellissy*, 438 F. App'x 780 (11th Cir. 2011). Spellissy filed *another* petition for a writ of error *coram nobis* in 2023, based in part on *Percoco v. United States*, 598 U.S. 319 (2023), a case that invalidated on vagueness grounds a district court's jury instruction concerning the duty to provide honest services for purposes of the wire fraud statute. Again, the district court denied Spellissy's petition, and, again, we affirmed, reasoning that the jury instructions at Spellissy's trial did not involve the same flaws or legal theories as those at issue in *Percoco* and, therefore, did not establish a fundamental error warranting *coram nobis* relief. *United States v. Spellissy*, No. 23-13770, 2024 WL 1928757, at *3 (11th Cir. May 2, 2024). In so holding, we said that "Spellissy's indictment alleged -- and the district court correctly found -- that William E. Burke, a private contractor employee to whom Spellissy made illegal payments . . . was a public official." *Id*.

The instant appeal involves Spellissy's 2024 request for leave to file still another petition for a writ of error *coram nobis*. In both his petition below and his briefs on appeal, Spellissy argues that *coram nobis* relief is warranted because the evidence at his trial established that he never bribed Burke; Burke was not a public official under *Percoco*; and our decision affirming the denial of his 2023 petition was, therefore, based on false information.

However, our case law makes clear that *coram nobis* relief is not available where, among other things, the alleged error has "been put in issue or passed upon." *Alikhani*, 200 F.3d at 734 (quotations omitted). As the record reflects, in previous appeals, we've

already disposed of the errors he currently raises.  Indeed, on direct appeal, we held that Spellissy's conspiracy conviction was supported by sufficient evidence.  *See Spellissy*, 243 F. App'x at 551.  Moreover, in affirming the denial of Spellissy's 2023 *coram nobis* petition, we expressly considered and rejected his argument that no bribe could have taken place under *Percoco* and that Burke was a private citizen.  *See Spellissy*, 2024 WL 1928757, at *3.  Thus, to the extent Spellissy seeks to challenge the evidence supporting his conviction or otherwise raise claims based on *Percoco*, he cannot obtain *coram nobis* relief.  *Alikhani*, 200 F.3d at 734.  Accordingly, the district court did not abuse its discretion in denying his petition for writ of error *coram nobis*.  *Id.* (quotations omitted).

**AFFIRMED.**