[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 06-15651

_____

D. C. Docket Nos. 04-03269-CV-JEC-1, 00-00281-CR-JEC

DEREK LEE THOMAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 30, 2009)

Before WILSON and ANDERSON, Circuit Judges, and GOLDBERG,* Judge.

WILSON, Circuit Judge:

_____

* Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Derek Lee Thomas is a federal prisoner serving a 192-month sentence for drug and weapons offenses. Relying on *Anders v. California*, 386 U.S. 738 (1967), Thomas's court-appointed counsel filed a brief on direct appeal in which he argued that Thomas had no basis for an appeal, and requested leave to withdraw. Thomas then filed his own *pro se* brief raising various issues, but we affirmed, pursuant to *Anders*, stating that our independent review of the entire record revealed no arguable issues of merit. The Supreme Court denied certiorari.

Now, Thomas seeks to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming that he was denied the effective assistance of counsel and that the district court used an invalid state court judgment to enhance his federal sentence. But the district court dismissed Thomas's petition, reasoning that the law of the case doctrine barred review. According to the district court, the claims that Thomas seeks to raise on collateral review were already decided "by necessary implication" on direct appeal when we affirmed his convictions and sentence pursuant to *Anders*.

Consequently, we granted Thomas's request for a certificate of appealability ("COA") to address the effect of an *Anders* brief on a later filed motion for post-conviction relief. We find that the law of the case doctrine does not operate to bar, by necessary implication, the claims that Thomas seeks to raise in the instant

2

petition for a writ of habeas corpus.

## I. Facts and Procedural History

More specifically, Thomas pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and possession with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841 in May of 2001. Because Thomas had two prior convictions for controlled substance offenses, the district court classified him as a career offender pursuant to United States Sentencing Guidelines § 4B1.1(a).

On appeal, Thomas's court-appointed counsel filed an *Anders* brief, requesting leave to withdraw from his representation. Thomas also filed a *pro se* brief, in which he raised eight issues, including, *inter alia*, that (1) he was denied effective assistance of counsel and (2) the district court "added criminal history points to prior convictions and charges that were not countable to over-represent [his] criminal history score." We affirmed on account of the *Anders* brief, explaining that "[o]ur independent review of the entire record reveal[ed] that counsel's assessment of the relative merit of the appeal [wa]s correct" and "independent examination of the entire record reveal[ed] no arguable issues of merit. . . ." *United States v. Thomas*, 65 F. App'x 712 (2003) (per curiam) ("*Thomas I*"). The Supreme Court subsequently denied Thomas's petition for a

writ of certiorari.  *See Thomas v. United States*, 540 U.S. 998 (2004).

Thomas then proceeded *pro se* and filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in which he raised twelve grounds for relief, including, *inter alia*, that (1) the district court at sentencing relied on three invalid convictions to increase his criminal history score and classify him as a career offender,[1] and (2) the district court denied him effective assistance of counsel.  The district court denied Thomas's request for habeas corpus relief, substantially for the reason that the issues presented had been previously raised and addressed by "necessary implication" on direct review and, as such, the law of the case doctrine barred further review on collateral attack.  On September 11, 2006, Thomas filed a motion for reconsideration but, before the district court ruled, Thomas filed his notice of appeal.

We appointed counsel and certified the following two questions for review: (1) whether the district court erred when it denied Thomas's claim of ineffective assistance of trial and appellate counsel because we had considered and rejected those claims on direct appeal, and (2) whether the district court erred when it denied, as procedurally defaulted, Thomas's claim that his sentence was

---

[1] On April 20, 2007, upon motion by Thomas, a Georgia state court vacated his May 23, 1991 conviction in Fulton Superior Court for possession of cocaine with the intent to distribute (Civil Action HC00128), concluding that Thomas's court-appointed attorney failed to attend the plea hearing and that the court failed to provide him with a substitute counsel.

improperly enhanced by invalid prior convictions, considering specifically (a) whether appellant raised this claim on direct appeal; and (b) whether the claim was available to him on direct appeal when he had not yet obtained vacatur of the state convictions. The COA governs the scope of our review. *See Diaz v. Sec'y for Dept. of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (per curiam) ("Appellate review in a § 2254 proceeding is limited to the issues specified in the [COA].") (citation omitted); *Gay v. United States*, 816 F.2d 614, 616 (11th Cir. 1987) (per curiam) (providing that "the principles developed in habeas cases also apply to § 2255 motions"). While Thomas raised additional issues in his *pro se* brief and his counsel preserved the same in their additional brief, we declined to consider any issues outside the scope of the COA.

"In a Section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (quoting *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999)). "We review *de novo* the district court's application of the law of the case doctrine." *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285 (11th Cir. 2004).

## II. Discussion

Section 2255 allows a prisoner in federal custody to attack his or her

sentence by moving the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). The district court concluded that the law of the case doctrine barred review of Thomas's ineffective assistance of counsel claims and invalid state conviction claim.[2]

"Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Alphamed*, 367 F.3d at 1285-86 (citation omitted). "The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (per curiam) (citation omitted). "The doctrine is based on the premise that an appellate decision is binding in all subsequent proceedings in the same case

---

[2] While the second certified question sounds in procedural default, the district court did *not* find that Thomas's claim regarding his prior invalid convictions was procedurally defaulted. Rather, the district court found that Thomas raised this claim in his *pro se* direct appeal, that we considered and rejected it in *Thomas I* by necessary implication, and that therefore, the law of the case doctrine applied. Even though the COA frames the issue in terms of procedural default, "we will construe the issue specification [in the COA] in light of the pleadings and other parts of the record." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam). Therefore, we will review the district court's decision that the law of the case doctrine applied to Thomas's claim of invalid state convictions.

6

unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510 (11th Cir. 1987). The law of the case doctrine, however, "does not bar consideration of matters that could have been, but were not, resolved in earlier proceedings." *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991) (citation omitted); *see also Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 663 (5th Cir. 1974)[3] (providing that the law of the case doctrine "does not include all questions which were present in a case and which might have been decided but were not"). Although courts generally refuse to reconsider issues decided previously on appeal, it is within a court's discretion to do so. *See Lehrman*, 500 F.2d at 662-63 (distinguishing the law of the case doctrine from *res judicata* and noting that the former "does not preclude a second review if considerations of substantial justice warrant it"); *Westbrook v. Zant*, 743 F.2d 764, 768 (11th Cir. 1984) (noting that the law of the case doctrine "is not an inexorable command") (citation and quotation marks omitted).

As a threshold matter, we have not yet applied the law of the case doctrine

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the newly-formed Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*by name* in the context of a § 2255 motion, as a bar to review of a claim first raised on direct appeal. Nonetheless, we have held that "[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Because we find that the law of the case doctrine does not bar review here as to each claim specified in the COA, we assume that it could apply in such a scenario.[4]

In application of those standards, we turn now to the certified questions.

A.    *Ineffective assistance of counsel claim*

The district court concluded that *Thomas I* considered and decided Thomas's ineffective assistance of counsel claim by "necessary implication" because we dismissed his appeal on direct review pursuant to *Anders*.

*Thomas I* did not decide, either explicitly or implicitly, the ineffective assistance of counsel claims, precisely because those claims were neither presented nor considered by us. In his *Anders* brief, Thomas's counsel stated that any ineffective assistance of counsel claim was not properly before us: "Any challenge to the 'effectiveness' of Appellant's previous attorneys, is not ripe for review by this Court on direct appeal." Thomas's counsel went on to explain that he "has

---

[4] *See White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) ("Invoking the doctrine of the law of the case, the courts . . . forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal") (collecting cases from the Fourth, Seventh, and Eighth Circuits).

reviewed the record in this case and is unable to identify any potential claims of 'ineffectiveness' that are ripe for direct review by this Court." We agreed with Thomas's counsel that the claims were not ripe for review on direct appeal, explaining that "counsel's assessment of the relative merit of the appeal is correct." 65 F. App'x at 712. Simply stated, we refrained from deciding those claims on direct appeal because they were not yet ripe for review.

"[G]enerally, claims of ineffective assistance of counsel are not considered for the first time on direct appeal." *United States v. Tyndale*, 209 F.3d 1292, 1294 (11th Cir. 2000) (per curiam) (noting the exception for cases where the record is "sufficiently developed"). *Thomas I* made no mention of a "sufficiently developed" record. We have even gone so far as to prohibit the consideration of ineffective assistance of counsel on direct appeal: "effective assistance of counsel may not be considered an issue before the court on direct appeal. . . ." *United States v. Griffin*, 699 F.2d 1102, 1107 (11th Cir. 1983). In *Griffin*, we pointed out that "it borders if it does not enter the arena of the frivolous to assert the issue for the first time on direct appeal." *Id.* at 1108 n.13.[5]

---

[5] We note that, after *Thomas I*, the Supreme Court decided *United States v. Massaro*, in which it explained that direct appeal is not the best forum to assess facts regarding the assistance of trial counsel "even if the record contains some indication of deficiencies in counsel's performance." 538 U.S. 500, 504 (2003). Rather, "[t]he better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255." *Id.*

9

Since Thomas's claim that he was denied effective counsel was neither considered nor decided on his direct appeal, the law of the case doctrine does not bar its collateral review.[6]

B.      *Prior state court conviction*

Similarly, the district court concluded that *Thomas I* considered and decided Thomas's invalid state court conviction claim by "necessary implication" insofar as Thomas asserted in his *pro se* brief on direct appeal that said convictions were "not countable."[7]

Neither Thomas (in his *pro se* brief) nor his counsel (in his *Anders* brief) presented this issue on direct appeal. Thomas's counsel makes no mention of this issue in his *Anders* brief and Thomas merely makes vague assertions that his prior state convictions were "not countable." The Government fails to cite any passage in Thomas's counsel's *Anders* brief or Thomas's *pro se* brief presenting any semblance of an argument that the prior state convictions were invalid because the

---

[6] While the district court addressed the merits of Thomas's ineffective assistance of counsel claim in denying his motion for reconsideration, and the parties brief the merits on appeal, we decline to consider the merits because (1) Thomas filed his notice of appeal before the district court ruled on the motion for reconsideration, and (2) the first certified question in the COA makes no mention of the substance, but only sounds in procedure. Therefore, the merits are not before us.

[7] The Government also asserts that the appeal waiver in the plea agreement bars review. The issue of the appellate waiver falls far outside the scope of the COA and, as such, we decline to consider it.

state court denied Thomas counsel in those proceedings in violation of the Sixth Amendment. Accordingly, the law of the case doctrine does not apply here either.

## III. Conclusion

We reverse the district court's denial of relief under § 2255 based on the application of the law of the case doctrine with respect to both the ineffective assistance of counsel issue and invalid state conviction issue. The case is remanded to the district court for further proceedings consistent with this opinion.[8]

REVERSED and REMANDED.

---

[8] We deny the two pending motions filed by Thomas before we appointed counsel, in which he (1) sought to expand the COA for at least the second time on appeal and (2) requested leave to supplement the record on appeal.