[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10921
Non-Argument Calendar

_____

D. C. Docket Nos. 08-00305-CV-OC-10-GRJ, 07-00048-CR-OC

RAVINDRANAUTH SUGRIM,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 17, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Ravindranauth Sugrim, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to vacate his conviction, brought pursuant to 28 U.S.C. § 2255. In relevant part, Sugrim argues that his counsel was ineffective because he did not file an appeal after Sugrim's request. Because the court failed to make any factual findings on this issue, we vacate and remand with instructions for the district court to hold an evidentiary hearing.

## I. Background

On November 29, 2007, Sugrim pleaded guilty, without a plea agreement, to reentering the United States illegally after having been deported. On April 25, 2008, the court sentenced Sugrim to 41 months plus 3 years of supervised release. On May 13, 2008, the district court entered an order noting that ten days had elapsed since the imposition of Sugrim's sentence and no notice of appeal had been filed. The court directed Sugrim to file a notice of appeal within seven days, warning that a failure to respond would be deemed by the court an informed and voluntary waiver of his right to appeal. A U.S. Marshall served the order on Sugrim that same day. The court never received a response from Sugrim.

On July 24, 2008, Sugrim filed a timely § 2255 motion to vacate, set aside, or correct his sentence. In part, Sugrim claimed that he had received ineffective

assistance of counsel because his attorney did not file a notice of appeal, despite Sugrim's request. In support of this claim and in answer to the government's response, Sugrim filed an "Opposition and Traverse", attaching a handwritten letter dated May 16, 2008 and addressed to the court, explaining how he had asked his attorney to file an appeal. Despite this new evidence, the court dismissed Sugrim's ineffective assistance of counsel claim without an evidentiary hearing and also denied Sugrim's request for a certificate of appealability ("COA"). This court then granted a COA on this issue: "Whether Sugrim knowingly and voluntarily waived his right to file an appeal?"

## II. Discussion

In considering a district court's denial of a § 2255 motion, we review factual findings for clear error and questions of law de novo. Thomas v. United States, 572 F.3d 1300, 1303 (11th Cir. 2008). Furthermore, we may only review the issues raised in the COA. Murray v. United States, 145 F.3d 1249 (11th Cir. 2004). Thus, we must focus on whether Sugrim validly waived his right to appeal.

The right to appeal is a statutory right. Thus, a person can waive the right to appeal if such waiver is knowing and voluntary. United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993). For a waiver to be enforced, however, the record must

3

"clearly show[] that the defendant otherwise understood the full significance of the waiver." United States v. Benitez-Zapata, 131 F.3d 1444 (11th Cir. 1997).

Here, the record does not clearly show that Sugrim waived his right to appeal. In particular, the court did not convene an evidentiary hearing to consider the new evidence of Sugrim's May 16, 2008 letter to the court. As the government concedes, a hearing is required to determine (1) whether Sugrim actually submitted the letter to the district court, (2) whether the letter sufficiently complied with the court's May 13, 2008 order, and (3) even if the letter did not sufficiently comply with the district court's order, whether the letter establishes that Sugrim did not knowingly and voluntarily waive his right to appeal. Thus, we conclude the record is insufficient to establish whether Sugrim waived his right to appeal and we vacate and remand for an evidentiary hearing on this issue.

**VACATED AND REMANDED**