[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15185
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:09-cv-22646-JIC, 1:08-cr-20685-JIC-1


VERTILIO DE LA ROSA,

                                                    Petitioner-Appellant,

        versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 23, 2012)

Before EDMONDSON, WILSON, and BLACK, Circuit Judges.


PER CURIAM:

Vertilio De La Rosa, a federal prisoner proceeding with the assistance of appointed appellate counsel, appeals the denial of his pro se 28 U.S.C. § 2255 motion to vacate. Reversible error has been shown; we affirm in part and vacate in part and remand.

De La Rosa received a total sentence of 48 months' imprisonment after pleading guilty to making a false statement on a passport application, illegal re-entry into the United States, and aggravated identity theft. In his section 2255 motion De La Rosa raised seven claims -- only three of which are at issue on appeal -- including that his trial counsel was ineffective for (1) failing to recognize or make De La Rosa aware of the immigration consequences of his guilty plea and failing to negotiate effectively with the government to avoid automatic deportation; (2) failing to move for a downward departure based on De La Rosa's immigration status; and (3) failing to argue, based on Flores-Figueroa v. United States, 129 S.Ct. 1886 (2009), that De La Rosa was not guilty of aggravated identity theft because he did not know that the identification he used belonged to another person.

The magistrate judge construed Claims 1 and 2 as a single claim -- that De La Rosa's counsel was ineffective for failing to move for a downward departure to offset the additional time he would serve while the government processed his

2

deportation order -- and recommended denying it. Next, the magistrate construed Claim 3 as asserting both an ineffective assistance of counsel claim and an underlying claim that De La Rosa's conviction was invalid because the government failed to prove each element of the offense.

The magistrate recommended denying the ineffective assistance of counsel claim raised in Claim 3 but recommended granting De La Rosa's motion based on his underlying challenge to his aggravated identity theft conviction. In doing so, the magistrate concluded that Flores-Figueroa applied retroactively and that, although De La Rosa failed to raise this argument on direct appeal, he overcame procedural default because he was actually innocent of aggravated identity theft.

Although the district court adopted the magistrate's report and recommendation in part, it reversed the magistrate's recommendation on Claim 3. In doing so, the district court concluded that De La Rosa failed to overcome his procedural default because sufficient evidence existed for a reasonable juror to conclude that De La Rosa knew that the means of identification belonged to another person.

We granted a certificate of appealability ("COA") on these issues:

3

(1)     Whether the district court violated <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992) when it failed to address De La Rosa's argument in Claim 1, that his plea was invalid because counsel failed to make himself or De La Rosa aware of the immigration consequences of a guilty plea and failed to negotiate more favorable deportation terms with the government?

(2)     As to Claim 3:

    (a)     whether the district court erred in construing this claim as raising an independent actual innocence claim or a claim that his plea did not qualify as intelligent following the narrowed definition of aggravated identity theft announced in <u>United States v. Flores-Figueroa</u> . . . ,

    (b)     and, whether the district court erred in finding that De La Rosa failed to overcome procedural default to bring his claim pursuant to 28 U.S.C. § 2255?

On appeal, De La Rosa argues that the district court violated <u>Clisby</u> by failing to address the issues raised in Claim 1.[1] In considering a district court's denial of a section 2255 motion, we review fact determinations for clear error and questions of law <u>de novo</u>. <u>Thomas v. United States</u>, 572 F.3d 1300, 1303 (11th Cir. 2009).[2]

---

[1]We will not consider De La Rosa's arguments about the merits of Claim 1 because these arguments are outside the scope of the COA. <u>See Murray v. United States</u>, 145 F.3d 1249, 1251 (11th Cir. 1998) (stating that, in a section 2255 proceeding, "appellate review is limited to the issues specified in the COA").

[2]In addition, we construe liberally <u>pro se</u> pleadings. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

In Clisby, we wrote that district courts must "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before granting or denying relief." 960 F.2d at 934; see also Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009) (extending Clisby's requirement to resolve all claims for relief to section 2255 motions). A "claim for relief" is defined as "any allegation of a constitutional violation"; and allegations of distinct constitutional violations constitute separate claims for relief "even if both allegations arise from the same alleged set of operative facts. Clisby, 960 F.2d at 936.

The district court failed to consider the arguments raised in Claim 1 of De La Rosa's section 2255 motion. Construed liberally, De La Rosa asserted in Claim 1 that his counsel was ineffective for (a) failing to recognize and to advise De La Rosa that he would be subject to additional imprisonment while awaiting deportation; (b) failing to recognize and to advise De La Rosa that he would be subject to automatic deportation if convicted of a crime for which the possible sentence exceeded one year; and (c) failing to negotiate a more favorable plea agreement. Because each of these arguments constitutes a separate constitutional claim under Clisby but was not addressed by the district court, we vacate the

denial of the motion and remand the case with instructions for the district court to consider each distinct claim raised in Claim 1.

Next, we address the Claim 3 issues. De La Rosa argues -- and the government concedes -- that the district court properly construed Claim 3 as raising an independent actual innocence claim. We agree. De La Rosa argued plainly that he was not guilty of aggravated identity theft because he did not intend to steal another person's identity and did not know that the identification he used belonged to an actual person.

We also agree, however, with the district court's conclusion that De La Rosa failed to overcome his procedural default on that claim. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in [a section 2255 motion] only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 118 S.Ct. 1604, 1611 (1998) (citations omitted). In this case, De La Rosa argues only that he is actually innocent. To establish actual innocence, De La Rosa must demonstrate that, in the light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." Id. Because "'actual innocence' means factual innocence, not mere legal insufficiency," the government may rely on admissible evidence of De La Rosa's

6

guilt even if that evidence was not presented during the plea colloquy.  See id. at 1611-12.

In Flores-Figueroa -- decided after De La Rosa was sentenced -- the United States Supreme Court concluded that to obtain a conviction for aggravated identity theft, the government must prove "that the defendant knew that the means of identification at issue belonged to another person."  129 S.Ct. at 1894.  And the government may rely on circumstantial evidence to establish that element of the offense.  United States v. Gomez-Castro, 605 F.3d 1245, 1249 (11th Cir. 2010).  "Both the circumstances in which an offender obtained a victim's identity and the offender's later misuse of that identity can shed light on the offender's knowledge about that identity."  Id. at 1248.  For example, in Gomez-Castro, we concluded that circumstantial evidence supported an aggravated identity theft conviction when the defendant paid a large sum of $2,500 for a birth certificate and social security card and then "repeatedly and successfully tested the authenticity" of those documents by using them to obtain a driver's license, two credit cards, a bank card, and a United States passport.  Id.  In a similar case, we determined that a reasonable juror could have found beyond a reasonable doubt that the defendant knew that a social security card belonged to a real person when she used it to

obtain a United States passport, a driver's license, and a line of credit. United States v. Holmes, 595 F.3d 1255, 1258 (11th Cir. 2010).

After reviewing the record, we conclude that sufficient circumstantial evidence existed to prove that De La Rosa knew that the identification he used belonged to an actual person. He purchased a birth certificate and social security card in the name of A.S.B. for $1,500. He also successfully used those documents to obtain a Florida driver's license, to obtain a mortgage, and to open a checking account, all in A.S.B.'s name. In the light of this evidence, it is unlikely that no reasonable juror would have convicted De La Rosa of aggravated identity theft as that offense is defined in Flores-Figueroa.[3] Thus, De La Rosa has failed to demonstrate that he is "actually innocent" of his offense such that he may overcome his procedural bar.[4]

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.

---

[3]In his appellate brief, De La Rosa argues that the district court erred in failing to rely on or address this Court's unpublished decision in United States v. Gaspar, 344 F. App'x 541 (11th Cir. 2009). We reject this argument because our unpublished decisions do not constitute binding precedent. See Moore v. Barnhart, 405 F.3d 1208, 1211 n.3 (11th Cir. 2005).

[4]Because the record affirmatively contradicts De La Rosa's allegations of actual innocence, the district court did not abuse its discretion in denying De La Rosa's section 2255 motion without an evidentiary hearing. See Aron v. United States, 291 F.3d 708, 715, 715 n.5 (11th Cir. 2002).