[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11643
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-01740-CC; 1:07-cr-00123-CC-LTW-1


GUSTAVO AGUILAR-GARCIA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 26, 2013)

Before BARKETT, MARCUS and KRAVITCH , Circuit Judges.

PER CURIAM:

Gustavo Aguilar-Garcia, a federal prisoner represented by counsel, appeals the district court's dismissal of his motion to vacate under 28 U.S.C. § 2255. He argues that his trial counsel labored under an actual conflict of interest that adversely affected her performance in plea negotiations and in sentencing. He asserts that his counsel had shared office space with and accepted referrals from a target of the same government investigation that had given rise to the charges against him. Aguilar-Garcia argues that his counsel's relationship with this person, whom he identifies only as "Hector", tainted the entirety of his counsel's representation, and resulted in him receiving a harsh sentence.

In a 28 U.S.C. § 2255 proceeding, we review legal issues *de novo* and factual findings for clear error. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009). Claims involving a counsel's conflict of interest present mixed questions of law and fact, and are reviewed *de novo*. *Reynolds v. Chapman*, 253 F.3d 1337, 1342 (11th Cir. 2001).

Generally, to demonstrate that trial counsel's performance was so defective that it was constitutionally deficient and requires reversal, a defendant must allege facts showing: (1) that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment;" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

2

Where an ineffective assistance claim is based on a conflict of interest, a petitioner "must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." *Pegg v. United States*, 253 F.3d 1274, 1277 (11th Cir. 2001); *see also Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). Thus, a defendant who shows that a conflict of interest actually affected his representation need not demonstrate prejudice in order to obtain relief. *Cuyler*, 446 U.S. at 349-50, 100 S.Ct. at 1719. However "the possibility of conflict is insufficient to impugn a criminal conviction," and absent a showing of actual conflict and adverse effect, a petitioner is not entitled to relief. *Id.*

"An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests.'" *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999) (*en banc*) (citation omitted). The inquiry into the existence of an actual conflict is "fact-specific." *United States v. Novaton*, 271 F.3d 968, 1011 (11th Cir. 2001). The petitioner must show an "actual conflict," because a speculative or merely hypothetical conflict of interest does not yield a Sixth Amendment violation. *Reynolds*, 253 F.3d at 1242-43. To prove adverse effect, a petitioner must demonstrate three elements: (1) "that the defense attorney could have pursued a plausible alternative strategy"; (2) "that this alternative was reasonable"; and (3) "that the alternative strategy was not followed because it conflicted with the

attorney's external loyalties." *Id.* at 1343. "If there is a guilty plea involved, this Court looks at whether the attorney's actual conflict adversely affected the defendant's decision to plead guilty." *Pegg*, 253 F.3d at 1278.

The district court did not err in denying Aguilar-Garcia's § 2255 motion because his allegations, taken as true, do not demonstrate that his counsel operated under an actual conflict of interest. Aguilar-Garcia did not allege any facts showing how counsel's relationship with Hector conflicted with his interests. The "speculative or merely hypothetical" conflict is insufficient to show inconsistent interests. *Reynolds*, 253 F.3d at 1242-43.

**AFFIRMED.**