[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14859
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03198-TWT

JYSK BED'N LINEN,
as successor to Quick Ship Holding, Inc.,
d.b.a. By Design Furniture,

                              Plaintiff-Counter Defendant-Appellee,

versus

MONOSIJ DUTTA-ROY,

                              Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 20, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Monosij Dutta-Roy appeals the district court's order holding him in contempt for failing to obey the portion of the district court's previous order granting partial summary judgment to Jysk Bed'N Linen ("Jysk") that required him to transfer the disputed domain names to Jysk. The contempt order also imposed prospective fines and attorney's fees. He assigns error in all orders that have been entered in his case and contends that they are all reviewable in this appeal, but Jysk responds that we lack jurisdiction to review any part of his appeal.

## I.

First, Dutta-Roy raises a number of arguments challenging all of the district court's previous orders, as well as several state court garnishment actions. He argues that the district court lacked jurisdiction to enter any orders after he appealed its grant of partial summary judgment to Jysk.

We review questions concerning jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). A district court's order is not a final and appealable order under 28 U.S.C. § 1291 if it does not resolve all pending claims against all parties. *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1306 (11th Cir. 2011). Absent entry of a stay on appeal, the district court retains jurisdiction to enforce its orders. *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201-02 (11th Cir. 2016). Generally, district courts lack jurisdiction to review final state court judgments. *Nicholson v. Shafe*,

2

558 F.3d 1266, 1270 (11th Cir. 2009).  An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011).

Under the law of the case doctrine, district and appellate courts generally are bound by prior appellate decisions in the same case. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).  An appellate decision is binding in all subsequent proceedings in the same case unless: (1) new evidence or an intervening change in the law dictates a different result, or (2) the appellate decision is clearly erroneous, and applying the law of the case doctrine would work a manifest injustice. *Id.* at 1303-04.

A finding of civil contempt imposing a fine or penalty which may be avoided by the party purging himself of the contempt by complying with the order is not appealable in an interlocutory action, but an order in which a fine or penalty is imposed within a time certain that may not be avoided by some other form of compliance is immediately appealable. *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 976 (11th Cir. 1986).

First, even though Dutta-Roy had appealed the district court's order granting partial summary judgment, the district court retained jurisdiction to enforce the order, which required him to transfer disputed domain names to Jysk. *See*

3

*Sergeeva*, 834 F.3d at 1202.  It did not, however, have jurisdiction to review the state court garnishment actions.  *See Nicholson*, 558 F.3d at 1270.  Our review of any orders that we previously reviewed on the merits on appeal is barred by the law of the case doctrine, because Dutta-Roy has presented nothing that suggests our previous ruling—that the grant of partial summary judgment was unreviewable because it was not a final order—was incorrect.  *See Thomas*, 572 F.3d at 1303-04; *Jysk Bed'N Linen v. Dutta-Roy*, 810 F.3d 767, 771, 773 n.15 (11th Cir. 2015).  There has still not been a final district court adjudication of all claims against all parties, and so there is still no final judgment.  *See Nat'l Ass'n of Bds. of Pharmacy*, 633 F.3d at 1306.  Consequently, the only order properly before us is the order holding Dutta-Roy in contempt, imposing a prospective fine, and ordering him to pay attorney's fees.  *See Combs*, 785 F.2d at 976.  The prospective fine, however, is moot, because it was never imposed and Dutta-Roy has transferred the domain names.  *See Christian Coal. of Fla., Inc.*, 662 F.3d at 1189.

## II.

Liberally construing Dutta-Roy's brief, he argues that he could not be held in contempt for not obeying the order granting Jysk partial summary judgment, because the district court erred in evaluating the merits of that order.

We review a finding of civil contempt only for an abuse of discretion. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).  A finding of

4

civil contempt must be supported by clear and convincing evidence. *Id.* If the record evinces that a reasonable person could find a clear and convincing violation of the court's order, then we must affirm the contempt ruling. *F.T.C. v. Leshin*, 618 F.3d 1221, 1231 (11th Cir. 2010).

The evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *Riccard*, 307 F.3d at 1296. The absence of willfulness is not a defense to a charge of civil contempt, and substantial, diligent, or good faith efforts are not enough; the only issue is compliance. *F.T.C.*, 618 F.3d at 1231.

While Dutta-Roy argues that the district court was incorrect in its evaluation of Jysk's motion for partial summary judgment, that does not make the contempt order invalid. No party disputes that Dutta-Roy had the ability to comply with the order. Finally, the order clearly and unambiguously ordered Dutta-Roy to transfer the disputed domain names to Jysk, and he refused to do so. *See Riccard*, 307 F.3d at 1296; *F.T.C.*, 618 F.3d at 1231. As such, the district court did not abuse its discretion in holding him in contempt.

III.

5

Finally, Dutta-Roy argues that the district court could not enter the award for attorney's fees, because he had appealed the underlying summary judgment order, depriving the district court of jurisdiction, and because Jysk did not seek attorney's fees in its complaint.

The decision to grant or deny attorney fees is reviewed for an abuse of discretion. *Davis v. Nat'l Med. Enter., Inc.*, 253 F.3d 1314, 1318-19 (11th Cir. 2001). The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Ela v. Destefano*, No. 16-11548, manuscript op. at *10 (11th Cir. Aug. 30, 2017).

The district court appears to have arbitrarily determined that $2,150 in attorney's fees was due to Jysk, without any support in the record or any analysis as to the appropriate amount. Consequently, the court abused its discretion. We therefore vacate and remand the attorney's fees order for further consideration.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**