[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13257
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00211-MSS-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARYON B. HOWARD,
a.k.a. Daryon B. Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 21, 2017)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Daryon Howard appeals from his 137-month sentence, imposed after he pled

guilty to one count of possession of cocaine base with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a

firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Howard argues his attorney rendered ineffective assistance at sentencing by failing to seek a downward departure based on eleven of twelve factors listed in a psychologist's report.

The government filed a motion to dismiss Howard's appeal based on the sentence-appeal waiver in his plea agreement and his plea colloquy.  The government argues that Howard knowingly and voluntarily waived his right to appeal his sentence and that the sentence-appeal waiver forecloses an ineffective-assistance claim on direct appeal.  The government also argues in the alternative that if Howard's appeal waiver does not foreclose his challenge, the record is insufficiently developed at this stage, and we should thus decline to consider his claim on direct appeal.

"We review the validity of a sentence appeal waiver de novo."  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  Such waivers are valid and enforceable if they are made knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).  The government can demonstrate a waiver was made knowingly and voluntarily by showing either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  Id.

Here, Howard does not argue that his sentence-appeal waiver was invalid and thus should not be enforced. Rather, he argues that it does not foreclose a "collateral challenge[]," such as a claim of ineffective assistance, on direct appeal. The plea agreement stated he "expressly waive[d] the right to appeal [his] sentence on any ground," except for three enumerated grounds in the plea agreement. A challenge based on ineffective assistance of counsel at sentencing was not included in the list of exceptions. The plain language of the waiver therefore bars Howard from challenging his sentence based on a claim of ineffective assistance on direct appeal.[1] And because Howard does not argue that his waiver is invalid, we must enforce it. See Bushert, 997 F.2d at 1351.

The government's motion to dismiss is granted.

---

[1] As the government's alternative argument appears to recognize, claims of ineffective assistance of counsel are not generally heard on direct appeal in any event. Thomas v. United States, 572 F.3d 1300, 1305–06 (11th Cir. 2009). We do not therefore address whether the sentence-appeal waiver also prohibits Howard from raising his ineffective-assistance claim in a collateral proceeding, such as 28 U.S.C. § 2255.

3