[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14071
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00512-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BROCK LOVELACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 19, 2021)

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

David Brock Lovelace, a federal prisoner proceeding *pro se*, appeals his convictions for conspiring to pay health care kickbacks, in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(2)(A), and for structuring to avoid reporting requirements, in violation of 31 U.S.C. § 5324(a)(3). On appeal, Lovelace argues that (1) certain testimony admitted during trial in the instant case "opened the door" to rebut the grand jury's finding of probable cause in a prior criminal case against him, and (2) the government violated his Fifth Amendment due process rights in that case by engaging in outrageous misconduct to establish probable cause. The government, in response, argues that Lovelace cannot challenge the grand jury's indictment in a separate case and that his subsequent convictions at trial cured any grand jury errors.

We ordinarily review *de novo* whether the government's investigatory techniques constituted outrageous government conduct. *United States v. Augustin*, 661 F.3d 1105, 1122 (11th Cir. 2011). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. The final judgment rule requires a party to "raise all claims of error in a single appeal following final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374

(1981).  Under the law-of-the-case doctrine, however, "an issue decided at one stage of a case is binding at later stages of the same case."  *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).  Indeed, the doctrine precludes a court from revisiting an issue that was decided in a prior appeal.  *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).  There are three exceptions to the law-of-the-case doctrine: (1) the existence of new evidence; (2) an intervening change in controlling law that dictates a different result; or (3) where the prior decision is clearly erroneous and its implementation would cause manifest injustice.  *United States v. Anderson*, 772 F.3d 662, 668–69 (11th Cir. 2014).  Although law-of-the-case doctrine is not jurisdictional, the district court may raise it *sua sponte*.  *Id.* at 669.  And the law-of-the-case doctrine does not bar a court from considering arguments that could have been raised previously but were not.  *Thomas*, 572 F.3d at 1304.

Absent a strong showing to the contrary, the law presumes that a grand jury acts within the legitimate scope of its authority.  *United States v. Alred*, 144 F.3d 1405, 1413 (11th Cir. 1998).  "The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime."  *Kaley v. United States*, 571 U.S. 320, 328 (2014).  "'[T]he whole history of the grand jury institution' demonstrates that 'a challenge to the reliability or competence of the evidence' supporting a grand jury's finding of

probable cause 'will not be heard.'" *Id.* (quoting *United States v. Williams*, 504 U.S. 36, 54 (1992)). Thus, we generally will not consider challenges to the evidence presented in a grand jury proceeding. *Id.* "[A]lthough the grand jury 'may not itself violate a valid privilege,' it may consider incompetent evidence as well as evidence obtained in violation of the Fourth Amendment." *In re Grand Jury Proceedings*, 142 F.3d 1416, 1425 (11th Cir. 1998) (footnote and citation omitted) (quoting *United States v. Calandra*, 414 U.S. 338, 346 (1974)). In other words, the character of the evidence considered by a grand jury does not affect the validity of an indictment. *Id.* Nor will a court dismiss an indictment merely because the grand jury based its decision to indict on evidence that would be inadmissible at trial. *See id.* To do so would infringe upon the grand jury's independence. *See Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." (footnote omitted)); *United States v. Brown*, 872 F.2d 385, 388 (11th Cir. 1989) (same). Moreover, "the petit jury's subsequent guilty verdict means not only that probable cause existed to believe that the appellant was guilty as charged, but also that he was in fact guilty beyond a reasonable doubt," *United States v. Roggio*, 863 F.2d 41, 43 (11th Cir. 1989), and that any alleged misconduct before the grand jury was harmless, *United States v. Flanders*, 752 F.3d 1317, 1333 (11th Cir. 2014).

4

Thus, a court may dismiss an indictment based on the violation of a defendant's Fifth Amendment grand jury right only if the defendant can show that he was prejudiced by the violation. *Bank of N.S. v. United States*, 487 U.S. 250, 254 (1988). To violate the Fifth Amendment's Due Process Clause, law enforcement conduct must be "so outrageous that it is fundamentally unfair and 'shocking to the universal sense of justice.'" *United States v. Ofshe*, 817 F.2d 1508, 1516 (11th Cir. 1987) (quoting *United States v. Russell*, 411 U.S. 423, 432 (1973)). "Whether outrageous governmental conduct exists 'turns upon the totality of the circumstances with no single factor controlling[,]' and the defense 'can only be invoked in the rarest and most outrageous circumstances.'" *United States v. Haimowitz*, 725 F.2d 1561, 1577 (11th Cir. 1984) (quoting *United States v. Tobias*, 662 F.2d 381, 387 (5th Cir. 1981)). On several occasions, we have recognized that such a defense might exist, but neither the Supreme Court nor this Court have decided a case in which outrageous governmental conduct has been established. *See United States v. Ciszkowski*, 492 F.3d 1264, 1271 (11th Cir. 2007) (holding that the government's conduct was not outrageous where the defendant challenged his conviction for possessing a firearm by arguing that the government provided him with a firearm equipped with a silencer that he could not see); *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir. 1998) (finding no outrageous governmental conduct where the government created a reverse sting operation and the defendants agreed to invade a

5

home and steal drugs). Indeed, we have subsequently noted that this Court has "never acknowledged the existence of the outrageous government conduct doctrine," instead only discussing it in dicta. *See United States v. Jayyousi*, 657 F.3d 1085, 1111 (11th Cir. 2011).

Here, trial testimony did not "open the door" for Lovelace to challenge the grand jury's indictment in another separate case, and the jury's convictions in both that case and this one prevented him from attacking either indictment. Additionally, to the extent this Court has jurisdiction to consider Lovelace's arguments, the law-of-the-case doctrine bars him from raising the same arguments that he asserted and we rejected in that prior case. Regardless, the government did not violate Lovelace's Fifth Amendment due process rights because it did not engage in any conduct that was both so outrageous that it was fundamentally unfair and prejudicial to Lovelace. Accordingly, we affirm Lovelace's convictions.

**AFFIRMED.**